## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**EMILY A. FISHER,**
**Claimant Below, Petitioner**

**vs.)   No. 20-0666** (BOR Appeal No. 2055222)
                    (Claim No. 2020011600)

**RALEIGH COUNTY COMMUNITY**
**ACTION ASSOCIATION, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Emily A. Fisher, by counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Raleigh County Community Action Association, Inc. ("RCCAA"), by counsel James W. Heslep, filed a timely response.

The issue on appeal is compensability of the claim. The claims administrator rejected the claim on November 22, 2019. On March 4, 2020, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's rejection of the claim. This appeal arises from the Board of Review's Order dated July 30, 2020, in which the Board affirmed the decision of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Ms. Fisher, a Head Start teacher for RCCAA, sought medical treatment at MedExpress on November 1, 2019, reporting that she hurt her back while carrying a computer up a flight of stairs at work. The pain was midline in the lower thoracic area and on both sides of the lumbar spine. Jessica Wickline, D.O., diagnosed Ms. Fisher with thoracic spine compression fracture and lumbar sprain. A Preliminary Radiology Report, signed by Dr. Wickline, noted preliminary findings to be muscle spasm and possible compression fracture. A Teleradiology Specialists lumbar spine x-ray read by Charles Hales, M.D., subsequently showed no compression fracture or acute abnormality.

An Employees' and Physicians' Report of Occupational Injury or Disease was signed by Ms. Fisher on November 1, 2019, indicating she injured her back while carrying computers up a flight of stairs. A representative of the MedExpress staff completed the physician's section, noting diagnoses of thoracic compression fracture and lumbar muscle spasm resulting from an occupational injury. Ms. Fisher was placed on a modified work schedule until November 2, 2019. She returned to MedExpress on November 4, 2019, for a follow-up evaluation, reporting that the medications helped but the "almost unbearable" pain would return in a few hours. She was referred for an MRI.

On November 5, 2019, RCCAA Head Start Supervisor, Ronda Meadows, reported in an email sent to an unknown recipient that Ms. Fisher had left work early two weeks earlier with a report of back pain.[1] Ms. Meadows stated:

"Emily came to me 2 weeks ago saying her back was hurting. She had just returned from a bus run. I asked if she had picked up something or twisted it. She said no. She didn't know why it was hurting. She left work a few minutes early.

---

[1] A Personnel Activity Report, signed by Ms. Fisher on October 22, 2019, indicated that she left work early on Friday, October 18, 2019. A handwritten notation on this documentation stated, "[l]eft early due to back pain."

2

She came to me last week again saying her back was hurting and she didn't know why. I told her to go home and go to the doctor. She did not say she hurt it lifting anything."

In an email dated November 6, 2019, Ms. Meadows stated:

"Emily Fisher came to me 2 weeks ago and said she hurt her back. I told her we needed to file an incident/accident report and she said she didn't hurt it here. She wanted to leave a few minutes early.

She came back up to my office on Friday, 11/1 and said her back was hurting. Again she said she didn't do it here. It had 'progressively gotten worse since last week' she told me. I encouraged her to go to a doctor. I did say it could be a kidney stone or anything. She left my office stating she would go to MedExpress and keep me posted."

Ms. Fisher provided a recorded statement to the claims administrator on November 6, 2019, during the claims administrator's investigation of the alleged injury. She reported that she had injured her back while carrying a computer at work on November 1, 2019. Ms. Fisher denied having left work two weeks earlier because of back pain. After investigating the claim, the claims administrator rejected the application for benefits on November 22, 2019. It was determined that there was no evidence of an isolated, fortuitous event resulting in a discreet injury in the course of and in the scope of employment. Ms. Fisher protested the claims administrator's Order and elected to enter the expedited adjudication process before the Office of Judges.

Ms. Fisher returned to MedExpress on November 12, 2019, reporting that she had not had any relief from back pain. She was still waiting for an MRI. After examination, the assessment was low back pain and sprain of ligaments of the thoracic spine. She was given pain medication and was scheduled for an MRI on December 3, 2019. A Workers' Compensation Duty Form indicated that she could return to modified duty on November 20, 2019. A report from Community Radiology dated December 6, 2019, noted that the MRI of the thoracic spine showed no acute fractures of the thoracic vertebrae. No significant deformities were seen; particularly no focal lesions of an acute or chronic nature involving T11 and T12 vertebrae. Paravertebral soft tissues did not show any acute findings.

Ms. Fisher completed interrogatories on January 17, 2020. She indicated that her only workers' compensation claim was for a back injury on November 1, 2019, and noted her treatment to have been muscle relaxers and physical therapy. She further stated that she had no prior injuries, conditions, or other problems regarding her back.

An expedited hearing in this matter occurred on February 6, 2020. At the hearing, Ms. Fisher stated that her back pain developed progressively on November 1, 2019, after she carried a computer upstairs and subsequently sat on the floor to plan lessons with another teacher. She also testified that prior to November 1, 2019, she had never sustained any injuries to her mid or

lower back, nor had she undergone any diagnostic testing for her back. When questioned about records regarding her absence from work two weeks prior to the alleged incident, she stated that she had taken the Friday afternoon preceding her alleged injury off of work because her family was going on vacation. Ms. Fisher testified that this absence had been planned ahead and was not, as indicated by the emails of Ms. Meadows, a result of low back pain. Although Ms. Meadows stated in her email that Ms. Fisher commented that her back had "progressively gotten worse since last week," she testified that she never told Ms. Meadows that her back was hurting or the reason for the pain. She also testified that Ms. Meadows's statement that Ms. Fisher told her than she did not hurt her back "there" was not accurate.

In a decision dated March 4, 2020, the Office of Judges affirmed the November 22, 2019, decision of the claims administrator. Although the Office of Judges found that medical records support that Ms. Fisher sought treatment on November 1, 2019, for back pain that she indicated developed after carrying computers on that date, the Office of Judges determined that she failed to carry the burden of establishing that she suffered an isolated fortuitous event. The Office of Judges reasoned that it is more likely than not that she did not sustain an injury to her back at work on November 1, 2019. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the March 4, 2020, decision on July 30, 2020.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. The reliable evidence of record fails to establish that Ms. Fisher sustained a compensable injury to her back on November 1, 2019. The findings of fact and conclusions of law of the Office of Judges and Board of Review are supported by the evidentiary record and the applicable law.

Affirmed.

**ISSUED:** October 4, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton